UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael A. Leon, | ) | |
| | ) | C/A: 6:13-72-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Ogletree, Deakins, Nash, Smoak & Stewart, PC, | ) | |
| a South Carolina professional corporation; | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed *pro se* by Plaintiff. Plaintiff has also filed an

Application to Proceed *in forma pauperis.*[1] The case is presently before the undersigned

United States Magistrate Judge for report and recommendation following pre-service

review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131,

1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened).

*Pro Se* and *In Forma Pauperis* Review

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which

permits an indigent litigant to commence an action in federal court without paying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or

---

[1]Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(b) and (e) DSC, this United States Magistrate Judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se*, and to submit findings and recommendations to the District Court.

"seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle* v. Gamble, 429 U.S. 97, 106 (1976)).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

It appears from the Complaint that Plaintiff is involved in litigation and that Defendant Ogletree, Deakins, Nash, Smoak & Stewart, P.C., represents parties on the other side of that litigation. Plaintiff complains that he has been the subject of "unreasonable and unethical conduct," "unspeakable abuses" and "numerous insults" at the hands of this Defendant. (ECF No. 1 at 2, 3.) Plaintiff avers that "court clerks" lose his filings and have not sent him a copy of his motion to dismiss. He further complains that he should have been appointed an attorney in a "Whistleblower action." (*Id.* at 7.) Plaintiff alleges that he has suffered "emotional distress" from Defendants' conduct toward him, including the publication of false statements and disclosure of private information, and asks to "recover damages." (*Id.* at 8, 9.)

*Claims Against United States of America*

First, it appears that this Court does not have jurisdiction over Plaintiff's claims related to the United States. Plaintiff's attempt to sue the United States should be barred by sovereign immunity. Under the well-established legal doctrine of sovereign immunity, the United States, its departments and its agencies cannot be sued without its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir. 2005). The Fourth Circuit Court of Appeals has explained as follows:

> All waivers of sovereign immunity must be "strictly construed
> . . . in favor of the sovereign." For that reason, it is the
> plaintiff's burden to show that an unequivocal waiver of
> sovereign immunity exists and that none of the statute's waiver

3

exceptions apply to his particular claim.  If the plaintiff fails to
meet this burden, then the claim must be dismissed.

*Id.* at 650–51 (citations omitted).

One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees.  Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency or by federal employees pursuant to the Federal Tort Claims Act ("FTCA").  While the FTCA authorizes certain causes of action, it also contains exceptions, two of which preclude Plaintiff from proceeding with the claims herein.  Section 2680(c) provides that the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ."  Thus, to the extent that Plaintiff is alleging the intentional tort of slander, there is no viable FTCA claim stated.  28 U.S.C. § 2680(h).

If a case falls under the FTCA, litigants must strictly comply with that act's requirements.  *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979).  Under the FTCA, an administrative claim must first be filed with the appropriate federal agency, and finally denied by the agency, before commencement of a civil action in a district court.  *See* 28 C.F.R. § 14.2; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  This "requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).  Plaintiff does not allege that he has submitted a "Standard Form 95" to an

4

appropriate federal agency or that a federal agency has finally denied his claim.  Thus,

Plaintiff's claims against the United States should be dismissed for lack of jurisdiction due

to his failure to exhaust federal administrative remedies.

To the extent that Plaintiff's allegations could be liberally construed as a

*Bivens*[2] claim, no viable claim is stated because Plaintiff does not allege a violation of any

federal constitutional, statutory, or treatise provision, and he does not name as a defendant

any person who might be liable under the *Bivens* Doctrine.  *See Hall v. Clinton*, 235 F.3d

202, 204–05 (4th Cir. 2000).  In order to state a claim for relief under 42 U.S.C. § 1983 or

the *Bivens* Doctrine where federal actors are concerned, an aggrieved party must

sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights,

privileges, or immunities secured by the [United States] Constitution and laws" by a

"person" acting "under color of state law."  *See* 42 U.S.C. § 1983; *see generally* 5 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).

It is well settled that only "persons" may act under color of state law;

therefore, a defendant in a § 1983 action must qualify as a "person."  Neither the United

States or an agency thereof is a proper *Bivens* defendant.  An extension of *Bivens* to

agencies of the federal government is not supported by the logic of *Bivens* itself, and the

United States Supreme Court has held that there can be no *Bivens* cause of action for

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982).  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).

damages against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

Accordingly, this suit cannot proceed against Defendant United States of America.

*Claims Against Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*

In order for this Court to hear and decide a case, the Court must first have

jurisdiction over the subject matter of the litigation. Federal courts are courts of limited

jurisdiction, "constrained to exercise only the authority conferred by Article III of the

Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147

F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter

jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of

Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, 528 U.S. 1155 (2000) (citing

*Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 (1895)). Accordingly, a federal court is

required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss

the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed.

R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action.").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings.

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936); *see also Dracos v.

Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) (holding that "plaintiffs must

affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil

Procedure 8(a)(1) requires that a complaint provide "a short and plain statement of the

grounds for the court's jurisdiction . . . ." If, however, the complaint does not contain "an

affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction

if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03 [3] (3d ed. 1997)).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. It is clear from the essential allegations in the Complaint that the case is not one "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, that is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. The torts of slander and "infliction of emotional distress"—or "outrage"—are actionable under *state*, not federal, law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Frazier v. Badger*, 603 S.E.2d 587, 592 (S.C. 2004) (infliction of emotional distress); *Guess v. Motycka*, C/A No. 3:12-1092-CMC-PJG, 2012 WL 4586918, at *4 (D.S.C. Aug. 24, 2012) (listing defamation and outrage as "causes of action under South Carolina law"); *see also Ford v. Hutson*, 276 S.E.2d 776 (S.C. 1981) (recognizing cause of action, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress"). Plaintiff's allegations make no specific reference to a violation of any federal statute or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Absence of such allegations from the pleading supports a holding that federal subject matter jurisdiction is not established by this Complaint.

State law claims can be brought in federal court if diversity jurisdiction exists pursuant to the 28 U.S.C. § 1332(a), the "diversity statute." 28 U.S.C. § 1332(a) requires

complete diversity of parties and an amount in controversy in excess of $75,000.00. Assuming, without deciding, that the parties herein are diverse, Plaintiff has not set forth "a short and plain statement" of the basis of his damages. *See* Fed. R. Civ. P. 8(a)(1). The Complaint alleges only that Plaintiff "is entitled to recover damages . . . in an amount to be proven at trial" (ECF No. 1 at 8, 9), and that he seeks "to recover exemplary damages" (*id.* at 9). However, Plaintiff fails to allege the nature of the damages he personally sustained, or what monetary value should be placed on those damages.

The Complaint contains no factual allegations from which any amount in controversy may be determined; hence, it is impossible for this Court to determine whether the jurisdictional amount in controversy ($75,000.00) is at issue in this case. As Plaintiff has failed to allege facts determinative of the asserted federal subject matter jurisdiction, he has not sustained his burden under Rule 8 and general civil law to adequately allege the jurisdictional basis for his lawsuit. Plaintiff's minimal allegations and request for relief are simply insufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case.

Plaintiff's state law claims could be considered by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal claims. *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367. As the Complaint fails to set forth any federal claims, this Court may not exercise its supplemental jurisdiction in order to hear Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse

litigants."). Because the Complaint sets forth no basis for this Court to exercise jurisdiction, it should be dismissed.

Recommendation

It is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice.

February 22 , 2013                                s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina  29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).