IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael A. Leon, | ) | |
| | ) | Civil Action No. 6:13-00072-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; United States of America, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The plaintiff, Michel A. Leon ("Leon"), proceeding *pro se*, has filed a complaint against the defendants for violations of several state tort laws. (Dkt. No. 1.) Before the court is a Report and Recommendation from a United States Magistrate Judge (the "Report"), recommending that this court dismiss the complaint without prejudice for lack of jurisdiction.[1] (Dkt. No. 19.) Leon objects to the Report, asserting diversity jurisdiction. (Dkt. No. 22.)

The court agrees with the magistrate judge's finding that the essential allegations of the complaint present no federal question, which is required to trigger jurisdiction under 28 U.S.C. § 1331. Leon does not address this finding in his objections. Also, assuming Leon is correct that the parties to the action satisfy 28 U.S.C. § 1332's complete diversity requirement, neither Leon's objections nor his complaint address the amount in controversy.[2] Even under the liberal pleading standards afforded *pro se* plaintiffs, a court may not insert a claim not otherwise

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), all pretrial matters in pro se cases are referred to a United States Magistrate Judge. The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The complaint seeks only damages "in an amount to be proven at trial" and reserves the right to amend in order to seek exemplary damages on the defamation claim. (Dkt. No. 1.)

presented or construct the plaintiff's legal argument for him. *See Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Thus, after a careful review of the record in this case, including the complaint, Report, and objections, the court adopts the Report and incorporates it herein by reference and the complaint (Dkt. No. 1) is **DISMISSED** without prejudice.[3]

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
Timothy M. Cain<br>
United States District Court Judge

Anderson, South Carolina
March 12, 2013

---

[3] To the extent that the court could construe Leon's objections to include a motion to amend his complaint (Dkt. No. 22, p. 6), the court notes that, because it lacks subject matter jurisdiction in this case, it cannot entertain a motion. However, the case is dismissed without prejudice.